United States District Court
Southern District of Texas
**ENTERED**
January 11, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTIAN NUAN BURGOS RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 22-1888 |
| | § | |
| DNC CONSTRUCTION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFAULT JUDGMENT ORDER**

Christian Naun Burgos Ruiz sued his employer, DNC Construction Inc., and its owner, Silvano Conejo, for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Docket Entry No. 1). Greater Divine Construction LLC and its manager, Stephen Scott, were added as defendants to the lawsuit on July 1, 2022, and the same claims apply to them. (Docket Entry No. 9). Service was executed as to Greater Divine Construction and Stephen Scott on July 26, 2022. Because DNC Construction and Silvano Conjeo obstructed the execution of service to them, the court granted Ruiz's motion for alternative service on August 8, 2022, (Docket Entry Nos. 14, 21), and service was executed as to DNC Construction and Silvano Conjeo on August 10, 2022, (Docket Entry Nos. 24, 25).

No defendant has appeared, answered, asserted a defense, or given any indication of an intent to do so. Ruiz requested entry of default, (Docket Entry No. 28), which the clerk of court entered on October 14, 2022, (Docket Entry No. 30). Ruiz now moves for default judgment and seeks unpaid wages, liquidated damages, and attorney's fees. (Docket Entry No. 31). The motion is granted. The court enters final default judgment, awarding Ruiz unpaid wages, liquidated damages, and attorney's fees.

## I.      Background

Ruiz worked for the defendants as a construction worker, carpenter, and painter from October 2021 until December 2021.  (Docket Entry No. 9 at 3); (Docket Entry No. 31-1 at 2).  He worked, on average, 58 hours a week.  (Docket Entry No. 9 at 3).  Ruiz claims to have been paid an hourly wage of $20.69, earning a total wage of $1200 per week for 11 weeks.  (*Id.* at 6).  The FLSA provides, where the statute applies, that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  Because Ruiz worked 58 hours a week, he claims he should have earned $20.69 an hour of regular pay for 40 hours and $31.04 an hour of overtime pay for 18 hours.  (Docket Entry No. 9 at 6).  This means he would have received $1386.32 per week, instead of $1200.  Ruiz also claims to have not been paid at all for 2 weeks of work.  (*Id.* at 3).

Ruiz filed suit in this court on June 9, 2022.  Because service was properly executed but no defendant appeared, answered, filed a Rule 12(b) motion, or requested more time to do so, Ruiz requested entry of default, which was granted.  (Docket Entry Nos. 28, 30).  In moving for a default judgment, Ruiz has filed his own affidavit; an affidavit from his counsel; an affidavit stating that neither of the individual defendants is in active military service; and proof that the default-judgment motion was sent to the defendants by certified mail.  (Docket Entry Nos. 31-1, 31-2, 31-3, 31-4, 31-5).  Ruiz argues that the complaint states a plausible claim, that the defendants continue to fail to appear, answer, or move under Rule 12(b), and that the record supports final default judgment for $2,048.31 in unpaid overtime wages, $2,772.64 in unpaid wages, $4,820.95 in

liquidated damages under the FLSA, $6,900 in attorney's fees, and $1,082.06 in costs.  (Docket Entry No. 31-1 at 4); (Docket Entry No. 31 at 2); (Docket Entry No. 31-2 at 3).

## II.    Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b).  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion.  *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)").  Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void.  *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true."  *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  "There must be a sufficient basis in the pleadings for the judgment entered."  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8.  *See Wooten*, 788 F.3d at 497–98.  "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment."  *Nishimatsu*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977).  The court may enter default judgment where "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

## III.    Analysis

### A.    Actual and Liquidated Damages

The record evidence shows that DNC Construction, Silvano Conejo, Greater Divine Construction, and Stephen Scott were properly served with the summons and the complaint, and that Ruiz sent the default judgment motion to the defendants by certified mail.  This lawsuit has been pending since June 2022, and the defendants have not appeared, answered, moved under Rule 12(b), or asked for time to do so.  They have been "essentially unresponsive." *Pelican Homestead*, 874 F.2d at 276.

4

An FLSA unpaid overtime claim requires that: (1) an employer-employee relationship existed during the claimed unpaid overtime periods; (2) the employee was involved in activities within FLSA coverage; (3) the employer violated the overtime wage requirement; and (4) the amount of overtime compensation owed. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). "Once the employee establishes a *prima facie* case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Id.* (quoting *Harvill v. Westward Comm'cns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). "If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'" *Id.* (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The complaint alleges facts showing that Ruiz's unpaid overtime claim is plausible. Ruiz alleges that an employer-employee relationship existed because, in their operation of DNC Construction and Greater Divine Construction, "Defendants Silvano Conejo and Stephen Scott had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees." (Docket Entry No. 9 at 2). Because the defendants substantially controlled their employees, had a direct interest in the success of their companies, and determined its workers' schedules, conditions, and wages, the court finds that the complaint presents a plausible claim that the defendants were employers and that Ruiz was an employee as defined in the FLSA. *See* 29 U.S.C. § 203(d)–(e).

The complaint also alleges facts plausibly showing: that Ruiz engaged in activities within FLSA coverage; that the defendants violated the FLSA's overtime wage requirement because they did not pay him one-and-a-half times his hourly wage when he worked more than 40 hours in a week; and the amount of overtime compensation due because the complaint states the number of overtime hours worked and Ruiz's hourly rate.  Because Ruiz should have been paid $1386.32 per week, but only received $1200 for 11 weeks, he is owed $2,048.31 in unpaid overtime wages.  The complaint also plausibly alleges that Ruiz was not paid at all for 2 weeks of work.  Because Ruiz was not paid at all for 2 weeks, he is owed $2,772.64 in unpaid wages.  The court enters judgment in the amount of $4,820.95 in actual damages.

When an employer violates the FLSA, the employee may recover "their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Because the court's judgment is that Ruiz is owed $4,820.95 in unpaid wages, he is also owed $4,820.95 in liquidated damages.

### B.    Attorney's Fees and Costs

Ruiz has moved for $6,900 in attorney's fees and $1,082.06 in costs.  (Docket Entry No. 31-2 at 3).  Under 29 U.S.C. § 216(b), a plaintiff is entitled to reasonable attorney's fees and costs in a successful action under the Act.  Because Ruiz is entitled to statutory damages, he is also entitled to reasonable attorney's fees.

The Fifth Circuit uses the lodestar analysis to determine reasonable attorney's fees.  *Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008) (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)).  "In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating

6

lawyers.'" *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)).  Whether an hourly rate is reasonably depends on whether that rate is consistent with the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).  That said,

> determining an appropriate 'market rate' for the services of a lawyer is inherently difficult. . . .  The type of services rendered by lawyers, as well as their experience, skill and reputation, varies extensively—even within a law firm.  Accordingly, the hourly rates of lawyers in private practice also vary widely.

*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

"After determining the lodestar, the district court may then examine the *Johnson* factors to decide if appropriate adjustments to the lodestar are necessary." *Rodney*, 853 F. App'x at 924. (citing *Migis*, 135 F.3d at 1047).  The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, at 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91–93 (1989).

The fee amount need not be precisely tied to the time and effort needed to respond to the discovery misconduct.  "[T]rial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Courts are guided by "their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

"The court may decide, for example, that all (or a set percentage) of a particular category of expenses—say, for expert discovery—were incurred solely because of a litigant's bad-faith conduct." *Goodyear*, 137 S. Ct. at 1187. "The lodestar is presumed to reflect a reasonable attorneys' fee award, but the district court may adjust it upward or downward in exceptional cases." *League of United Latin Am. Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).

Ruiz's attorney, James Dore, has submitted an affidavit containing "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." (Docket Entry No. 31-2); *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Mr. Dore's sworn affidavit provides that his hourly rate of $400.00 is a reasonable attorney fee, comparable to other attorneys in the field. (Docket Entry No. 31-2). He has also provided time records showing that he worked 17.25 hours on this case. (*Id.*). The court finds that this fee and the amount of time spent is reasonable and awards Ruiz $6,900.00 in attorney's fees.

Ruiz also seeks $1082.06 in costs. Under the FLSA, an employer is liable to a successful plaintiff for "costs of the action." 29 U.S.C. § 216(b). The costs include the cost of filing the complaint and the cost of service of summons. Mr. Dore's affidavit indicates that $402.00 was the cost of the filing fee, that $224.00 was the cost of hiring a process server for the plaintiff's first attempt at serving process, that $448.00 was the cost of hiring a process server for the second attempt at serving process, and that $8.06 was the cost of certified mail. (Docket Entry No. 31-2 at 3). The court finds that these costs were for reasonable expenses and awards Ruiz $1082.06 in costs.

8

**IV.    Conclusion**

The motion for final default judgment is granted for unpaid wages, liquidated damages, attorney's fees and costs.  (Docket Entry No. 31).  Final default judgment is entered against DNC Construction, Silvano Conejo, Greater Divine Construction, and Stephen Scott in the total amount of $17,623.96.  Final judgment will be entered separately.

SIGNED on January 11, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

9